Allen, J.
 

 Throughout this opinion the plaintiff in error will be called the defendant, and the defendant in error the State.
 

 In the first trial, in which the defendant was convicted of simple assault, as well as in the second trial, the court charged the jury that it might re
 
 *582
 
 turn one of four forms of verdict: (1) Guilty as charged; (2) guilty of assault and battery; (3) guilty of assault, and (4) not guilty.
 

 It is in brief the contention of the defendant that, since the offenses of assault and assault and battery were identical upon the two trials, he was placed in jeopardy in the first trial upon the charge which was prosecuted in the second trial. The criminal statutes involved read as follows:
 

 Section 12420, General Code: “Whoever maliciously shoots, stabs, cuts, or shoots at another person with intent to kill, wound or maim such person, shall be imprisoned in the penitentiary not less than one year nor more than twenty years. ’ ’
 

 Section 12421, General Code: “WToever 'assaults another with intent to kill, or to commit robbery or rape upon the person .so assaulted, shall be imprisoned in the penitentiary not less than one year nor more than fifteen years. ’ ’
 

 Section 12423, General Code: “Whoever unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes or wounds another, shall be fined not more than two hundred dollars or imprisoned not more than six months, or both.”
 

 The case was argued not only upon the demurrer but upon the facts presented in the trial. The defendant predicates his argument upon the proposition that he was being tried in both indictments upon a charge arising out of the same criminal act. This contention is not borne out by the records.
 

 The defendant was a taxi driver, who drove a bank robber, William Fernald, from Lima, Ohio, to Delphos, Ohio, and remained in the car while Fernald attempted to rob a bank at Dielphos. Evidence
 
 *583
 
 was presented in the record tending to show that the defendant Dodge had conspired with Pernald to rob this particular bank. Dodge was charged as principal offender upon the theory that he aided and abetted in the attempted robbery. The record shows that Pernald entered the bank with a gun in his hand, and ordered the bank officials to fill his bag with securities and cash. Thereupon a teller operated a burglar alarm, and Pernald shot once. He then retreated toward the door, and, while he was going backwards, he pointed his gun at Simon Allen, one of the bank tellers, and fired again, missing Allen. However, pieces of flying glass struck Allen in the eye.
 

 We disagree with the proposition upon which the defendant premises his argument. Pernald admitted that he threw the money bag at the window, told the teller to “come on,” held the gun up where they could see it, and told the teller to ‘ ‘ Stick them up and not say anything and fill the bag up.” He later said that he shot when he was standing at the window, and said he fired this first shot because he aimed ‘ ‘ to scare him. ’ ’ This completed the crime of assault with intent to rob. Pernald admitted, and it was never controverted, that he again shot in the direction of Simon Allen. Under the facts of the record, this completed the crime of shooting with intent to kill. Although the two acts were closely connected in time, place, and circumstance, the offense of shooting with intent to kill was entirely distinct from, and in point of time and connection was not part of, the assault with intent to rob. Instead of constituting one criminal act, the acts were distinctly separable. It was one transaction, but
 
 *584
 
 there was an assault with intent to rob completely differentiated from the shooting with intent to kill.
 

 Section 13440-8, General Code, 113 Ohio Laws, 176, relied upon by the defendant, does not make his position any more tenable. This section reads as follows:
 

 “When the defendant was convicted or acquitted, or has been once in jeopardy upon an indictment or information, the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information. ’ ’
 

 If the evidence with reference to the shooting had been entirely omitted from the record, there still would be testimony present sufficient to establish the crime of assault with intent to rob, and,
 
 vice versa,
 
 if the testimony with reference to ordering the teller to fill Fernald’s bag with securities and cash had been omitted from the record, there would have been present testimony sufficient to justify'conviction upon the charge of shooting with intent to kill.
 

 While it is true that the defendant was convicted of simple assault, the second crime of which he was convicted was shooting with intent to kill. He could not have been convicted of shooting with intent to kill under the indictment for assault with intent to rob. The second indictment was not for the same identical offense as. the first indictment, but was, as a matter of fact, a totally distinct charge. We think that the case of
 
 Duvall
 
 v.
 
 State, 111
 
 Ohio St., 657, 146 N. E., 90, decides this particular point. It was held in paragraph 3 of the syllabus of that decision:
 

 
 *585
 

 “A
 
 conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. A single act may be an offense against two statutes; and if either statute requires proof of an additional fact, an acquittal of the offense requiring proof of the additional fact does not exempt the defendant from prosecution and punishment under the statute which does not require proof of such additional fact.”
 

 Hence the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day and Kinkade, JJ., concur.
 

 Stephenson, J., not participating.