(No. 27620.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LAWRENCE FOG, Plaintiff in Error.

*Opinion filed January 20, 1944.*

JAY J. MCCARTHY, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error, Lawrence Fog, was indicted in the criminal court of Cook county for rape. The case was tried before a jury on January 12, 1934, and the plaintiff in error was found guilty. In the verdict of the jury the punishment was fixed at the term of ninety-nine years. After motions for new trial and arrest of judgment had been denied, the court on January 17, 1934, sentenced the defendant to imprisonment in the penitentiary for a period of ninety-nine years. The record shows

that the time allowed for preparing and filing a bill of exceptions was March 19, 1934. The plaintiff in error now sues out this writ of error. No bill of exceptions was prepared or signed, so the case comes to this court on the common-law record only. Plaintiff in error has been confined in the Illinois State Penitentiary since his sentence for a period of more than nine years. He seeks to reverse the judgment in this case mainly on the grounds that the courthouse in which he was tried was not at the county seat of Cook county. As no bill of exceptions is included in the record, there is nothing to show where the case was tried except the criminal court of Cook county in the city of Chicago and State of Illinois, and the record does not show where the criminal court of Cook county was, at that time, located.

The plaintiff in error contends that all proceedings concerning his conviction are illegal, null and void, because conducted improperly outside of the original county seat of Cook county and that the court had no jurisdiction to convene as a legally constituted court at a location other than the original county seat. It is his contention that there can be no removal of a county seat without a referendum and a vote of the people. (Ill. Rev. Stat. 1943, chap. 34, pars. 112 to 117.) Even though it be conceded, as stated in the brief of plaintiff in error, that the criminal court building in Cook county was, at the time of his trial, located at Twenty-sixth street and California avenue, a point several miles distant from the county seat but inside the limits of the city of Chicago, the contention of plaintiff in error cannot prevail. This exact question was presented to this court in the case of *People* v. *Bain,* 358 Ill. 177. On July 2, 1925, the legislature of the State of Illinois passed an act providing that in counties of 500,000 inhabitants or over, where the county seat is located entirely within the corporate limits of a city or village, the limits of such county seat shall be coextensive with the

boundaries of such city or village as the same then existed or may thereafter be constituted. In the *Bain case* it was contended that such statute was violative of section 4 of article X of the constitution. This court in that case held that even if the act of 1925 was violative of the constitution, nevertheless, the criminal court, by virtue of such statute, is located and functions as the *de facto* county seat, and the question of whether the criminal court legally acted within the criminal court building was not open for investigation or decision in that proceeding. After citing the prior decision of *Robinson* v. *Moore,* 25 Ill. 118, this court held that a proceeding such as is presented by this writ of error was not a direct proceeding attacking the validity of the act of 1925 and that the question as to the legal right of the criminal court to exercise its judicial functions at a point without the boundaries of the original town of Chicago was not open in that case. The same statutes and the same authorities that are included in the brief of counsel for plaintiff in error were urged by the counsel for defendant in the *Bain case,* and after careful review and consideration, this court held that the question raised could not be tried in a collateral manner.

The plaintiff in error also insists that the Department of Public Welfare, as constituted in 1933, could not exercise the duty of jailor of the person convicted. We have examined the judgment and sentence of the court in this case and find it to be entirely in harmony with the statutes of the State of Illinois at the time of his conviction, and the complaint of plaintiff in error in that respect is without merit.

The plaintiff in error further states that the imposition of a ninety-nine year sentence was harsh, cruel and an unusual punishment. However, the punishment for the crime of which the plaintiff in error was convicted authorized a term of life imprisonment and the period of years fixed by the jury is entirely within the scope of the statute.

There is no opportunity on this record to review whether or not the punishment was excessive, since the bill of exceptions has not been preserved. We find no error in the record of conviction or sentence of the plaintiff in error in this case, and the judgment of the criminal court of Cook county is affirmed.    *Judgment affirmed.*