(No. 29816.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOBART LAUGHERY, Plaintiff in Error.

*Opinion filed January 22, 1947.*

HOBART LAUGHERY, *pro se.*

GEORGE F. BARRETT, Attorney General, and JOHN J. BRESEE, State's Attorney, of Urbana, for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

An indictment returned in the circuit court of Champaign county in September, 1940, charged plaintiff in error with having committed the crime of statutory rape. On a trial by jury he was found guilty and committed to the penitentiary for a term of thirty-five years. Appearing *pro se,* he has sued a writ of error out of this court but has presented nothing but the common-law record.

It is contended that if he was guilty of any offense, it was incest and not rape. An essential element of the crime of incest is the relationship of the parties, and the relationship of prosecutrix and plaintiff in error does not appear in the record presented. The statement in plaintiff in error's brief that prosecutrix was his step-daughter cannot be taken to establish a fact that must be made to appear by transcript of proceedings or other appropriate record. Under such condition of the record, it cannot be determined whether plaintiff in error might, under the evidence shown, have been properly charged with incest instead of rape, nor is it necessary to discuss the question of law as to whether acts which, by reason of the relationship of the parties, constitute the crime of incest might also form the basis for a rape prosecution.

The second point urged is that the penalty imposed was excessive for the offense actually committed. The statute fixes the penalty for rape at one year to life and the penalty for incest at one to twenty years. Plaintiff in error's contention is founded on his theory that the crime committed was incest and not rape, and that the penalty should have been for incest. As stated, the condition of the record prohibits any inquiry as to the possibility of the offense being incest, and the sentence of thirty-five years being within the scope of the penalty fixed by statute for rape, it cannot be said to be excessive. *People* v. *Fog,* 385 Ill. 389; *People* v. *Krotz,* 341 Ill. 214.

The final contention is that the court erred in allowing the motion of the State's Attorney to endorse upon the indictment the name of a witness who had not appeared before the grand jury. The motion and the court's ruling thereon should have been preserved for review by incorporating them in a bill of exceptions and, in the absence of the same, the alleged error cannot be considered. *People* v. *Jensen,* 392 Ill. 72; *People* v. *Reese,* 355 Ill. 562.

The judgment is affirmed.

*Judgment affirmed.*