(No. 32574.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELIJAH STINGLEY, Plaintiff in Error.

*Opinion filed March 23, 1953.*

ELIJAH STINGLEY, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of the court:

The plaintiff in error, Elijah Stingley, brings a writ of error to the criminal court of Cook County, where a bench trial was had without the intervention of a jury, a jury having been waived, to review the legality of two consecutive sentences for terms of ten to fourteen years each in the Illinois State Penitentiary entered upon two separate counts of the same indictment, which charged in one count an assault with intent to rape, and, in another, an assault with intent to murder, both of which arose out of a single series of acts committed upon the same victim at the same time and place.

The single indictment bore general number 47-1740 and was returned August 26, 1947. A first count thereof charged an unlawful and felonious assault upon the victim with

intent then and there feloniously and forcibly to ravish and carnally know the said prosecutrix. The second count charged that the plaintiff in error unlawfully, feloniously, wilfully and ·maliciously made an assault upon the same victim with felonious and malicious intent to kill and murder and that the assault was so made by then and there placing his hands and fingers upon, against and around the neck and throat of said victim and then and there pressing, squeezing, constricting and choking with said hands and fingers upon, against and around said neck and throat, and by then and there with the hands of said plaintiff in error taking hold of the head and body of said prosecutrix and forcibly and violently striking, knocking and pounding the head and body of said victim upon and against a certain sidewalk and ground. The court found the defendant guilty on both counts and sentenced said defendant on October 1, 1947, to a term of ten to fourteen years on each count and provided in the judgment order that the sentences were to be served. cumulatively thereafter. Only the common-law record is before us.

The plaintiff in error contends the trial court was without authority to impose two consecutive sentences under a single indictment consisting of two counts naming offenses in the same transaction and that the same constitutes double jeopardy within the meaning of the constitution of the State of Illinois and the constitution of the United States and that the same violates the due-process clauses thereof.

The State admits the issue here is one of first impression in this State, insofar as it appertains to consecutive sentences upon separate convictions for independent felonies arising out of the same transgression and charged in the same indictment. It is true this court has affirmed the consecutive or successive sentences imposed in cases involving misdemeanor convictions arising upon charges in separate counts of an indictment or information. (*People* v. *Player,* 377 Ill. 417; *People* v. *Rettich,* 332 Ill. 49; *People* v.

*Elliott,* 272 Ill. 592.) However, the *Elliott case* involved intoxicating liquors under the Local Option Law as it existed prior to the prohibition amendment and the *Rettich case* was decided under an interpretation of the Prohibition Act. These cases are of little value since we held in *People* v. *Franklin,* 341 Ill. 499, that, "Under section 39 of the Prohibition act authority is specifically given to unite separate counts charging separate offenses, though of the same character, in the same information and to try and punish all such offenses. This section of the statute has been held valid." The *Player case* involved repeated offenses under the Occupational Tax Act. A similar rule prevails in the Federal jurisdiction. Where an act creates two separate offenses they may be joined in a single indictment and the sentences may be made consecutive. Thus, in *Mercado* v. *United States,* 183 Fed. 2d 486, and in *Rivera* v. *United States,* 151 Fed. 2d 47, it was held that an indictment in two counts, in all material respects identical in the two cases, which charge separate offenses in each count, one for the transportation of a revolver, and the other the transportation of ammunition for it, at one and the same time, constituted two separate and distinct offenses. In those cases, as in the case of *Crespo* v. *United States,* 151 Fed. 2d 44, the rule was laid down, "as to whether there is a plurality of offenses the test is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could the second cannot be maintained; when there could not, it can be." And it was there held that the second count there charged was equivalent to a second indictment.

The trial of criminal cases in this State proceeds according to the common law except where the mode and method are changed by statute. It is a cardinal principle of our criminal jurisprudence that a defendant cannot be tried for two separate and distinct felonies, which are wholly and totally unrelated, at the same time, and where an indictment

charges two unrelated felonies raising two separate and distinct issues which are wholly unrelated, the People may be compelled, upon proper motion, to elect upon which of the two felonies charged by the indictment they will elect to prosecute. (*People* v. *Wolf,* 358 Ill. 334.) On the other hand, the rule has been repeatedly stated in this State that if two or more offenses grow out of one transaction and are of such a nature that the defendant may be found guilty of each, he may be charged with the offenses in separate counts of the same indictment, and that the prosecutor will not be required to elect for which offense he will ask a conviction. An election will only be required where the offenses charged in the different counts are actually distinct from each other and do not arise out of the same transaction. (*People* v. *Pulliam,* 352 Ill. 318; *People* v. *Bernstein,* 250 Ill. 63.) A defendant cannot insist that he shall not be put upon trial on an indictment containing counts charging separate felonies unless it affirmatively appears that they are not parts of one and the same transaction, but are separate and distinct in law and in fact. (*West* v. *People,* 137 Ill. 189; *People* v. *Gray,* 251 Ill. 431.) It is clear, also, that the charge of two different offenses growing out of the same transaction may be embraced in different counts of the same indictment. (*People* v. *Barrett,* 405 Ill. 188; *People* v. *Dougherty,* 246 Ill. 458.) Here, the violence and assaults inflicted upon the victim were inherent in the charges contained in both of the two counts, intent to rape in the one, and intent to murder in the other. Both charges grew out of a single series of acts or transgressions committed upon the same victim at the same time and place. The rule that the charges of an indictment are bad if multiplicious or duplicitous has no application where two or more offenses grow out of one transaction and are of such a nature that the defendant may be found guilty of each. In *People* v. *McMullen,* 400 Ill. 253, we held such a procedure was valid, and constituted

no error, saying, "in pleading the facts of a single transaction it is permissible to state the offense in different ways in as many different counts as the pleader may think necessary. In application of this principle, a count for larceny may be joined in the same indictment with a count for burglary and such offenses may be joined in the same count."

The general rule in regard to the defense of former jeopardy as applied to separate offenses committed. at the same time, or closely connected in point of time, is succinctly stated in 8 R.C.L. 151, in the following language, "A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently a plea of former jeopardy will not be sustained where it appears that in one transaction two distinct crimes were committed." (8 R.C.L. 151; 81 A.L.R. 701; 15 Am. Jur. sec. 390; *Dodge* v. *State,* 124 Ohio St. 580, 180 N.E. 45.) In the *Dodge case* last cited the crime of shooting with intent to kill and the crime of assault with intent to rob were held to be separate and distinct offenses and conviction or acquittal as to one of them or as to an offense included in either charge, does not bar an indictment and trial as to the other. We conclude the counts in the indictment in the case at bar were properly joined and the joinder thereof did not constitute double jeopardy.

The right to assess cumulative sentences under two or more separate indictments is too well settled to require citation of authority. However, the charge of plaintiff in error that there is no authority in law to impose two *consecutive* sentences under two counts of a single indictment raises a far more important and troublesome question. Plaintiff in error relies heavily upon the recent cases of *People* v. *Griffin,* 402 Ill. 247, and *People* v. *McMullen,*

400 Ill. 253. He also cites a number of other cases. In all of them the sentences were imposed to run concurrently and were upheld on the basis that it did not appear that plaintiff in error's rights were prejudiced. The *Griffin case* follows the *McMullen case* and in the latter we said, "A conviction of the offense pleaded in the indictment did not permit the imposition of penalties as for separate and distinct offenses, but it does not appear that plaintiff in error's rights are prejudiced." In *People* v. *Quidd,* 403 Ill. 15, wherein it was urged that the court, in sentencing the defendant on each of two counts relating to the same transaction, committed reversible error, we said: "Where there are two counts in an indictment growing out of the same transaction, the effect of two verdicts is the same as a finding that the defendant is guilty as charged in the indictment. Whether there is one general verdict or two separate verdicts is of no consequence. The sentences were not imposed to run consecutively. They necessarily run concurrently, as both offenses are but one transaction, and defendant was not prejudiced thereby." Conversely, when the sentences are imposed to run consecutively the defendant is necessarily prejudiced thereby, and where two related counts are joined in the same indictment the verdict rendered must necessarily be a general verdict and there can be only one imposition of sentence thereon. We think the People, when they elect to prosecute two separate felonies under two counts in the same indictment, are entitled to only one satisfaction. The State has cited no cases within this jurisdiction to support its position that the two consecutive sentences are valid and we are unable to find any authority in this State for the proposition that consecutive sentences may be imposed under the facts and circumstances shown here. There is a wealth of authority intimating such an imposition of sentences would prejudice the defendant and would violate his constitutional rights. We agree it would have this effect.

It is our holding, therefore, that the sentences of plaintiff in error on the two counts of the indictment are being served concurrently and that the satisfaction of one will satisfy both. (*People* v. *Hardgrave,* 406 Ill. 211. The judgment of the Criminal Court of Cook County is affirmed.

*Judgment affirmed.*