(No. 36485.— )
The People of the State of Illinois, Defendant in Error, *vs.* George Duszkewycz, Plaintiff in Error.

*Opinion filed March 22, 1963.*

MICHAEL H. POSTILION, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the criminal court of Cook County found the defendant, George Duszkewycz, guilty of forcible rape and incest. The two offenses were charged in separate counts of a single indictment. Upon the count that charged forcible rape, the jury fixed the penalty (Ill. Rev. Stat. 1957, chap. 38, par. 801) at imprisonment in the penitenti-

ary for a term of five years. Upon the count that charged incest, the judge fixed the penalty at imprisonment in the penitentiary for not less than 19 nor more than 20 years. The judgment provided that the two sentences should run concurrently.

The two offenses of which the defendant was found guilty involved a single act—the defendant's forcible rape of his ten-year-old daughter. On this writ of error the defendant contends that "the imposition of two sentences was improper and prejudicial where one act and one victim were alleged."

There is no doubt that it was proper to join the two charges in a single indictment, and to try them together, since they were both based upon the same occurrence. (*People* v. *Wilfong,* 19 Ill.2d 406, 408; *People* v. *Smith,* 11 Ill.2d 280, 284; *People* v. *Stingley,* 414 Ill. 398.) The reach of the question that the defendant raises, however, extends beyond the accommodations that have been made, in criminal as well as civil cases, in order to avoid variances between pleading and proof. That question is whether two separate punishments can be imposed for a single act.

Force and lack of consent are essential elements of the charge of rape upon which the defendant was convicted, (*People* v. *Jeanor,* 23 Ill.2d 347,) but not of incest. (*David* v. *People,* 204 Ill. 479.) The relationship between the parties is an essential element of incest, (*People* v. *Laughery,* 396 Ill. 213,) but not of rape. The common denominator is the element of unlawful carnal knowledge.

None of our decisions appear to have dealt with the precise problem. The closest of our cases is *People* v. *Stingley,* 414 Ill. 398. There this court was concerned with "the legality of two consecutive sentences for terms of ten to fourteen years each in the Illinois State Penitentiary entered upon two separate counts of the same indictment, which charged in one count an assault with intent to rape, and, in another, an assault with intent to murder, both of

which arose out of a single series of acts committed upon the same victim at the same time and place." (414 Ill. at 399.) The court said (p. 404): "The State has cited no cases within this jurisdiction to support its position that the two consecutive sentences are valid and we are unable to find any authority in this State for the proposition that consecutive sentences may be imposed under the facts and circumstances shown here. There is a wealth of authority intimating such an imposition of sentences would prejudice the defendant and would violate his constitutional rights. We agree it would have this effect." The court therefore held that although consecutive sentences had been imposed, they were being served concurrently and "the satisfaction of one will satisfy both." 414 Ill. at 405.

In *People* v. *Schlenger,* 13 Ill.2d 63, the defendant had pleaded guilty to an indictment that charged armed robbery in the first count and grand larceny in the second. Both counts related to the same occurrence. The defendant was sentenced to a term of not less than 5 nor more than 15 years on the first count, and on the second he was sentenced to not less than 5 nor more than 10 years. The sentences were to run concurrently. The court discussed earlier decisions in which it had been held, in similar situations, that where a defendant was found guilty of two offenses growing out of the same transaction, the sentences imposed must run concurrently. In the *Schlenger* case, however, the defendant challenged the assumption of the earlier cases that no prejudice would result so long as the sentences imposed ran concurrently, and this court agreed that prejudice might result in connection with the defendant's application for parole. Upon the ground that the judgment should have been for the greater offense, armed robbery, which necessarily included the offense of larceny, the court reversed the judgment entered on the second count. The opinion in the *Schlenger* case relied particularly upon decisions of the Supreme Court of Indiana, but the conclusion reached

was consistent with earlier decisions of this court. *People* v. *Giacomino,* 347 Ill. 523; *People* v. *Bailey,* 391 Ill. 149; *People* v. *Winston,* 395 Ill. 263.

While neither the *Stingley* case nor the *Schlenger* case is precisely in point, the views there expressed indicate the basis of decision in the present case. The *Stingley* case makes it clear that two punishments can not be imposed for a single act, even though different ingredients are involved in the two crimes. In that case, however, the two sentences were identical, and it was not necessary to decide which should be set aside. It was sufficient to hold, as the court held, that "the satisfaction of one will satisfy both." (414 Ill. at 405.) In the *Schlenger* case, where different sentences were imposed to run concurrently, the court affirmed the judgment for the greater offense and set aside the other.

In the present case we are of the opinion that only one sentence should have been imposed, and that sentence should have been for the greater offense. The relative gravity of the two offenses involved in the single act in this case can not depend upon the sentences actually imposed, on the rape charge by the jury and on the charge of incest by the judge. A touchstone more reliable than the subjective reaction of different tribunals to the same facts is required, and we therefore turn to the appraisal made by the General Assembly.

When this case was tried, the punishment for incest between father and daughter was imprisonment in the penitentiary for not less than one year nor more than 20 years. (Ill. Rev. Stat. 1961, chap. 38, par. 374.) Sentence was to be imposed by the judge. The punishment for rape, however, was a definite sentence of imprisonment for a definite term of not less than 1 year, and extending to life. (Ill. Rev. Stat. 1961, chap. 38, par. 490.) For many years treason, murder, rape, and more recently kidnapping, have been set apart from all other offenses. In the case of these offenses a definite rather than an indeterminate sentence has

been required, and if the case is tried by a jury the jury has been required to fix the punishment. It is clear that the General Assembly has regarded rape as the more serious of the two offenses involved in this case. It follows that the sentence imposed on the charge of incest must be set aside.

A further contention is made on behalf of the defendant that certain statements made to the jury by the trial judge resulted in a coerced verdict. The jury retired to deliberate on the morning of Thanksgiving eve. About five o'clock in the afternoon, the jury was brought into open court and the foreman of the jury was asked how the vote stood. He replied, "Eight-four, sir." The judge then asked, "If I give you another hour, do you think you will be able to reach a verdict? Do you think so, in your judgment?" The answer was "No, sir." And when the judge asked, "Do you think it will take longer than one hour?", the answer was, "Well, after discussion and all that, I believe it's going to—it just isn't going to be reached. The judge then said, "Well, I will send you back for one hour, six o'clock. You see if you can't reach a verdict."

Shortly before six o'clock, the jury was again brought into the courtroom and informed by the judge that dinner had been arranged and that cigarettes would be distributed to them. They had dinner and continued their deliberations. Later that night after a further interval, the duration of which is not indicated by the record, the jury returned its verdicts.

The defendant asserts that "the action of the trial court in asking the jury for its numerical division and in setting a time limit on its deliberations was prejudicial to the defendant." What was said in *People* v. *Golub,* 333 Ill. 554, 561, is applicable here: "Remarks by a trial judge calculated to effect the rendition of a verdict without affording the jury an opportunity for careful consideration are unwarranted and often lead to great abuse. Whether the error is harmless or prejudicial depends upon the facts of the case. The trial judge's remarks of which plaintiff in error com-

plains did not, either expressly or by implication, indicate that the jury should reach a particular conclusion. How long the jurors deliberated after they retired the second time to consider their verdict does not appear. The remarks should not have been made, yet it can not be said that they interfered with the deliberations of the jurors to the prejudice of plaintiff in error or that they hastened the verdict." Nor can it be said that the trial court set a time limit on the deliberations of the jury. While the court stated: "Well, I will send you back for one hour, six o'clock. You see if you can't reach a verdict," the jury did not in fact reach a verdict by six o'clock. At six o'clock, they retired for dinner and then resumed their deliberations.

Finally, the defendant argues that his guilt was not proved beyond a reasonable doubt. The testimony of the prosecutrix was corroborated by her brother and her mother. Against this we have the defendant's denial. No witnesses were called to corroborate the alibi to which he testified. We see no reason to interfere with the jury's appraisal of the credibility of the witnesses.

The judgment of the criminal court of Cook County upon the count of the indictment charging rape is affirmed, and its judgment upon the count charging incest is reversed.

*Affirmed in part and reversed in part.*