THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES S. ARNHOLD, Defendant-Appellant.

Second District   No. 2—03—1384

Opinion filed September 12, 2005.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Stephen E. Norris and Kevin D. Sweeney, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The defendant, Charles S. Arnhold, was charged by indictment in the circuit court of Du Page County with a single count each of aggravated battery (720 ILCS 5/12—4(b)(10) (West 2000)) and domestic battery (720 ILCS 5/12—3.2(a) (West 2000)). Following a bench trial, the defendant was found guilty of both charges, but the trial court entered judgment of conviction on only the aggravated battery count, finding that the domestic battery count merged into it. The trial court imposed an extended-term sentence of 10 years based on the defendant's criminal history. See 730 ILCS 5/5—5—3.2(b)(1), 5—8—2(a)(5) (West 2000). On appeal, the defendant argues that his conviction should be reduced to domestic battery. He alternatively argues that his extended-term sentence violates the proportionate penalties clause of our state constitution. We disagree with both arguments and we therefore affirm.

At trial, the defendant's wife, Nancy Arnhold, testified that she married the defendant in November 1998. On February 4, 2000, she and the defendant became involved in an argument during which the defendant grabbed her and threw her to the floor, causing severe bruising to her right arm and leg. She stood up and followed the defendant into the bedroom. There, he put her in a headlock, threw her onto the bed, and struck her jaw. She was 60 years of age at the time. The defendant, a Vietnam war veteran, unsuccessfully attempted to escape criminal responsibility by showing that the incident occurred while he was experiencing a dissociative episode related to post-traumatic stress disorder connected to his military service.

The defendant's presentence investigation report outlines an

extensive criminal history, with an adult criminal record reaching back to 1971. Of particular relevance to this appeal, the report indicates that the defendant was convicted of aggravated battery in 1997. According to the report, the conviction arose from a 1996 incident in which the defendant punched a woman named Susie Fleming. The defendant received a 30-month prison term and was released in July 1998.

In June 1981, the defendant was found guilty of aggravated kidnapping (Ill. Rev. Stat. 1979, ch. 38, par. 10—2) and was sentenced to a 28-year prison term. The presentence investigation report does not indicate when the defendant was released, but the defendant's own remarks during the sentencing hearing help narrow down that date considerably. Speaking in allocution, the defendant stated, "I was in jail for 15 years, 30 year sentence." He further stated, "Seven months later I'm back in for another three years. Then I got out for four months and I marry Nancy." The defendant married the complaining witness four months after he was released from prison for the 1996 aggravated battery of Susie Fleming. Thus, the defendant's remarks establish that he was in custody for aggravated kidnapping until about seven months before the 1996 aggravated battery.

The trial court imposed sentence on July 28, 2002. On August 21, 2002, the defendant filed a *pro se* motion for reduction of his sentence. On August 28, 2002, the defendant's attorney filed a notice of appeal, but this court granted the defendant's motion to dismiss the appeal and remanded the case for a hearing on the motion for reduction of the defendant's sentence. The trial court denied the motion, and this appeal followed.

■ We first consider whether the defendant was properly convicted of aggravated battery instead of domestic battery. A summary of the pertinent statutes is a useful prelude to examination of the issue. Subsection (a) of section 12—4 of the Criminal Code of 1961 (Code) (720 ILCS 5/12—4(a) (West 2000)) enhances the offense of battery to aggravated battery when the offender "intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement." Subsection (b) (720 ILCS 5/12—4(b) (West 2000)) enumerates other factors elevating battery to aggravated battery. Here, the defendant was convicted under subsection (b)(10), which provides that one who commits a battery is guilty of aggravated battery if he or she "[k]nowingly and without legal justification and by any means causes bodily harm to an individual of 60 years of age or older." 720 ILCS 5/12—4(b)(10) (West 2000).

■ Domestic battery is defined in section 12—3.2(a) of the Code (720 ILCS 5/12—3.2(a) (West 2000)). The definition is identical to the

statutory definition of simple battery (see 720 ILCS 5/12—3(a) (West 2000)) except that domestic battery embraces only those cases where the victim is a family or household member of the offender. Section 12—3.3(a) of the Code (720 ILCS 5/12—3.3(a) (West 2000)) provides that "[a] person who, in committing a domestic battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated domestic battery." However, the definition of the offense does not enumerate any additional aggravating factors corresponding to those included in the definition of aggravated battery. Hence, the age of the victim is irrelevant. Here, the defendant did not commit aggravated domestic battery, because the victim suffered bodily harm but not "great" bodily harm or permanent disability or disfigurement.

Both battery and domestic battery are Class A misdemeanors for first offenders, but the domestic battery statute includes recidivism penalties that do not apply to simple battery. Compare 720 ILCS 5/12—3(b) (West 2000) with 720 ILCS 5/12—3.2(b) (West 2000). Aggravated domestic battery—a Class 2 felony—is a more serious offense than aggravated battery, which is generally a Class 3 felony. See 720 ILCS 5/12—3.3(b), 12—4(e) (West 2000).

■ The defendant argues that "[b]y enacting both domestic battery offenses and battery offenses, it is clear that the legislature intended to treat spouses *** different [sic] from other individuals who commit batteries," and that it was the General Assembly's intent that those who batter spouses should be prosecuted only under the domestic battery laws. We note that although the defendant raised this point in connection with his motion for reduction of his sentence, he did not raise the issue in his posttrial motion. Ordinarily the failure to raise an issue in a posttrial motion results in waiver. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, the defendant's argument—that his conduct simply does not constitute the offense of which he was convicted—implicates substantial rights and is therefore reviewable under the plain error rule. See 134 Ill. 2d R. 615(a).

Inasmuch as the question before the court is one of statutory interpretation, the defendant's focus on legislative intent is obviously proper. The cardinal rule of statutory construction is that the court must ascertain and give effect to the intent of the legislature. *In re Marriage of King*, 208 Ill. 2d 332, 340 (2003). In doing so, the court should look first to the language of the statute, giving the terms their plain and ordinary meaning. *King*, 208 Ill. 2d at 340. In determining the legislature's intent, the court should consider, in addition to the statutory language, the reason for the law, the problems to be remedied, and the objects and purposes sought. *People v. Smith*, 345 Ill. App. 3d 179, 185 (2004).

The defendant's argument is not premised on any express statutory terms. There is no language in the definition of aggravated battery that excludes cases where the victim and offender are members of the same family or household. Nor is there any language in the domestic battery statutes declaring that they provide the exclusive means for prosecuting conduct within their purview. By their terms, the definitions of aggravated battery and domestic battery are both applicable to the defendant's conduct. The defendant argues that the laws are thus in conflict and that because the domestic battery statute is more specific it controls. It is generally true that "specific statutory provisions control over general provisions on the same subject." *People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416, 424 (2005). However, the defendant's argument goes against the grain of cases holding that "[a] prosecutor has the authority to choose among potential crimes with overlapping penalties and different sentences." *People v. Knippenberg*, 325 Ill. App. 3d 251, 260 (2001). In *Knippenberg*, the court rejected the defendant's argument that he was improperly prosecuted and convicted of theft by deception, a felony, rather than violating a criminal provision of the Solicitation for Charity Act (225 ILCS 460/0.01 *et seq.* (West 1998)). In *People v. Cornille*, 136 Ill. App. 3d 1011, 1017 (1985), the court relied on prosecutorial discretion as a basis for rejecting the defendant's argument that the prosecution was improper because he was charged with official misconduct under the Code rather than with other more specific offenses in other statutes.

The defendant's application, in this setting, of the principle that specific statutes control over general ones is not entirely without support, however. For instance, in *People v. Caryl*, 54 Ill. App. 3d 537 (1977), this court held that where the Cannabis Control Act's conspiracy provision (Ill. Rev. Stat. 1975, ch. 56½, par. 709) was applicable based on the amount of cannabis involved (more than 30 grams but not more than 500 grams), it "preempted" prosecution under the general conspiracy provisions of the Code. This court noted that "[t]he cannabis conspiracy statute is specific as to the quantities it speaks to, and it excludes other conspiracy prosecution within those quantities." *Caryl*, 54 Ill. App. 3d at 539.

Whatever conflict might exist between *Knippenberg* and *Cornille* on the one hand, and *Caryl* on the other, need not be resolved in this appeal. Here, there are clearer indicators of legislative intent than application of the principle that the specific controls the general. While that principle is a useful guide to construction, it is not talismanic and should not be applied mechanistically when to do so would defeat a legislative objective more plainly manifested in the language and structure of the applicable statutes as a whole. That is the case here.

■ Under the defendant's theory, the domestic battery statute would serve as a shield for the offender, insulating him from prosecution for the more serious offense of aggravated battery. In essence, the defendant views his relationship with the victim as a mitigating factor. However, that reading is at odds with the overall structure of the pertinent statutes. As seen, the legislature decided to treat batteries against family and household members more seriously than those against others. The legislature has also chosen to treat batteries involving great bodily harm, or permanent disfigurement or disability, more seriously when the victim is a family or household member. It is difficult to understand why the General Assembly would choose to give family and household members age 60 or older *less* protection from bodily harm than it has given to members of the general population in the same age group. Why, in other words, would the General Assembly choose to enact domestic battery laws that serve as a sword for prosecutors when the victim is under 60 but as a shield for the defendant when the victim is 60 years old or older?

In any event, the defendant fails to explain why he believes the domestic battery statute is more specific than the applicable aggravated battery provision under which he was prosecuted. The provisions differ with respect to the classes of victims they protect. The former applies when the victim is a household or family member. The latter applies when the victim is age 60 or older. The classes obviously have members in common, but neither is a subclass of the other. Thus, it is unclear what logical criteria exist for labeling one class as more specific or more general than the other. Accordingly, the defendant was properly convicted of aggravated battery.

■ The defendant next argues that imposition of an extended-term sentence violated our state constitution's proportionate penalties clause, because his 10-year extended-term sentence for aggravated battery was longer than the sentence he could have received if he had committed the more serious offense of aggravated battery of a senior citizen (720 ILCS 5/12—4.6 (West 2000)). The defendant preserved this issue for review by raising it in his motion for reduction of his sentence.

An extended-term sentence may be imposed "[w]hen a defendant is convicted of any felony, after having been previously convicted *** of the same *** or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." 730 ILCS 5/5—5—3.2(b)(1) (West 2000). The defendant argues that he was eligible for an extended-term sentence for aggravated battery (a Class 3 felony)

because of his previous aggravated battery conviction. He then contends that because aggravated battery of a senior citizen is a Class 2 felony, if he had committed that offense he would not have been eligible for an extended term, and the maximum sentence he could have received would have been a seven-year prison term.

As the State notes, the argument overlooks the defendant's prior aggravated kidnapping conviction. The record reveals that the victim in that case was held for ransom; accordingly, the offense was a Class X felony (Ill. Rev. Stat. 1979, ch. 38, par. 10—2(b)(1)). Although that conviction occurred in 1981, the record sufficiently establishes that the defendant was in custody until 1995 or 1996. Excluding the time in custody, the present conviction occurred within 10 years of the aggravated kidnapping conviction. Thus, if the defendant had committed aggravated battery of a senior citizen, he would, in fact, have been eligible for an extended term for that offense. Because the defendant has not received a greater sentence than he could have received for a more serious offense, his argument is meritless.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and HUTCHINSON, JJ., concur.