# llinois Official Reports

## Appellate Court

---

*People v. O'Brien*, 2021 IL App (2d) 210060

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROGER C. O'BRIEN, Defendant-Appellant. |
| District & No. | Second District<br>No. 2-21-0060 |
| Filed<br>Rehearing denied | September 29, 2021<br>October 20, 2021 |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 15-CF-281; the Hon. Marcy L. Buick, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd and Thomas A. Lilien, of State Appellate Defender's Office, of Elgin (Phyllis J. Perko, of Harlovic and Perko, of West Dundee, of counsel), for appellant.<br><br>Richard D. Amato, State's Attorney, of Sycamore (Patrick Delfino, Edward R. Psenicka, and Adam Trejo, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE SCHOSTOK delivered the judgment of the court with opinion. |
| | Presiding Justice Bridges and Justice McLaren concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Roger C. O'Brien, was convicted of aggravated battery (720 ILCS 5/12-3.05(a)(4) (West 2014)) and aggravated domestic battery (*id.* § 12-3.3(a)). In a prior appeal of this case, we determined that, under the one-act, one-crime rule, the convictions merged because they were based on the same physical act. *People v. O'Brien*, 2019 IL App (2d) 170030, ¶ 21. We remanded the case for the trial court to determine which was the more serious offense. *Id.* The trial court determined that aggravated domestic battery was the more serious offense, and defendant appeals. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Defendant was originally indicted on four counts, all of which arose from an altercation between defendant and his 80-year-old stepfather, Robert Clarner. Count I alleged that defendant committed the offense of aggravated battery (720 ILCS 5/12-3.05(d)(1) (West 2014)) in that he knowingly caused great bodily harm to Clarner by striking Clarner multiple times in the face with his fists, causing lacerations and nose fractures, when defendant knew that Clarner was 60 years of age or older. Although count I stated that the offense was a Class 2 felony, a violation of section 12-3.05(d)(1) of the Criminal Code of 2012 (Code) (*id.*) is a Class 3 felony (*id.* § 12-3.05(h)). Further, section 12-3.05(d)(1) does not require a showing of great bodily harm. See *id.* § 12-3.05(d)(1).

¶ 4    Count II alleged that defendant committed the offense of aggravated domestic battery (*id.* § 12-3.3(a)) in that he knowingly caused great bodily harm to Clarner, a household or family member, by repeatedly striking Clarner in the face with his fists, causing lacerations and nasal fractures. Counts III and IV charged defendant with domestic battery (*id.* § 12-3.2(a)(1)).

¶ 5    Defendant and the State entered into an agreement under which defendant would enter an open plea of guilty to count I of the indictment and the remaining counts would be dismissed. When the parties presented the plea agreement to the court, it admonished defendant that aggravated battery as charged in count I was a probationable offense. The court accepted the plea and set the matter for sentencing.

¶ 6    Two months later, before sentencing, the trial court allowed the State to amend count I to charge aggravated battery under section 12-3.05(a)(4) of the Code (*id.* § 12-3.05(a)(4)) and substitute that citation for the citation to section 12-3.05(d)(1). Section 12-3.05(a)(4) requires proof of great bodily harm and is a Class 2 felony. *Id.* § 12-3.05(h). Furthermore, probation is not an authorized sentence for a violation of section 12-3.05(a)(4). 730 ILCS 5/5-5-3(c)(2)(I) (West 2014).

¶ 7 The trial court allowed defendant to withdraw his plea. The court reasoned that, during the plea colloquy, it had admonished defendant that probation was an available sentence under count I, but this was no longer so under the amended count I.

¶ 8 The case proceeded to a bench trial on all four counts. The court found defendant guilty on all counts, entered judgments of conviction on only count I (aggravated battery) and count II (aggravated domestic battery), and sentenced defendant to concurrent five-year prison terms. The trial court denied defendant's motions for judgment notwithstanding the verdict and to reconsider his sentences. Defendant appealed.

¶ 9 On appeal, we determined that, under the one-act, one-crime rule, the convictions merged because they were based on the same physical act. *O'Brien*, 2019 IL App (2d) 170030, ¶ 21. Thus, the less serious offense would be vacated. Defendant argued that neither offense was more serious than the other. The State contended that aggravated battery was more serious because it was nonprobationable. We noted that the State cited no authority for its argument, and we remanded the case for the trial court to determine which conviction to vacate. *Id.*

¶ 10 On remand, defendant, who was then serving his term of mandatory supervised release (MSR), argued that aggravated battery was the more serious offense because it was nonprobationable. The State, however, argued that aggravated domestic battery was the more serious offense because, although it was probationable, it carried a longer term of MSR. The trial court agreed with the State and found that aggravated domestic battery was the more serious offense. The court vacated the aggravated battery conviction, and defendant appeals.

¶ 11 II. ANALYSIS

¶ 12 Defendant contends that, because it is nonprobationable, aggravated battery under section 12-3.05(a)(4) of the Code (720 ILCS 5/12-3.05(a)(4) (West 2014)) is a more serious offense than aggravated domestic battery under section 12-3.3(a) of the Code (*id.* § 12-3.3(a)). We disagree.

¶ 13 Under the one-act, one-crime rule, a defendant may not be convicted of multiple offenses that arise from a single physical act. *People v. Nunez*, 236 Ill. 2d 488, 493-94 (2010). When a defendant has been convicted of such offenses, the less serious offense must be vacated. See *People v. Lee*, 213 Ill. 2d 218, 226-27 (2004).

¶ 14 To determine which of the two offenses is more serious, we ascertain the legislative intent as expressed in the plain language of the statutes. See *id.* at 228. An obvious indicator of the relative seriousness of offenses is the punishments prescribed. *Id.* ("It is common sense that the legislature would provide greater punishment for crimes it deems more serious."); *People v. Artis*, 232 Ill. 2d 156, 170 (2009) ("In determining which offense is the more serious, a reviewing court compares the relative punishments prescribed by the legislature for each offense."). Other factors to consider when comparing the seriousness of offenses include the classification of the offenses, the mental state required for each offense, and the specificity with which each offense is defined in the statutes. See *People v. Johnson*, 237 Ill. 2d 81, 98-99 (2010).

¶ 15 Here, both aggravated battery and aggravated domestic battery require proof that the defendant knowingly caused great bodily harm. 720 ILCS 5/12-3.05 (West 2014); *id.* § 12-3.3. Both are Class 2 felonies. *Id.* §§ 12-3.05(h), 12-3.3(b). Aggravated battery has a mandatory term of imprisonment of three to seven years (*id.* § 12-3.3(b)) and a two-year term of MSR

(730 ILCS 5/5-8-1(d)(2) (West 2014)). It is nonprobationable. *Id.* § 5-5-3(c)(2)(I). Aggravated domestic battery also carries a three-to-seven-year sentencing range (*id.* § 5-4.5-35(a)). However, it is a probationable offense. 720 ILCS 5/12-3.3(b) (West 2014). "Any order of probation or conditional discharge *** must include *** a mandatory term of imprisonment of not less than 60 days." *Id.* A defendant sentenced to imprisonment for aggravated domestic battery must serve a four-year MSR term (730 ILCS 5/5-8-1(d)(6) (West 2014)). A person on MSR remains in the custody of the Department of Corrections. See *People v. Galley*, 2021 IL App (4th) 180142, ¶ 24; *People v. Smith*, 199 Ill. App. 3d 839, 858 (1990).

¶ 16    There is a lack of authority on which of two offenses is the more serious when one offense is nonprobational and the other one carries the possibility of probation yet has a longer MSR term to be added to a term of imprisonment.

¶ 17    The State suggests that the availability of probation is a moot factor here because defendant was not sentenced to probation and has been released from incarceration. But as previously noted, the determination of which offense is more serious is one of legislative intent. That defendant did not receive probation and is serving his MSR term does not guide the determination of which offense the legislature deems more serious. See *Lee*, 213 Ill. 2d at 227 (relative gravity of two offenses does not depend on the sentence actually imposed (citing *People v. Duszkewycz*, 27 Ill. 2d 257, 261 (1963))).

¶ 18    An important distinction between the two offenses, however, is that a person convicted of aggravated battery is potentially only required to serve 50% of his sentence. See 730 ILCS 5/3-6-3(a)(2.1) (West 2014). Conversely, a person convicted of aggravated domestic battery is required to serve at least 85% of his sentence due to the truth-in-sentencing statute. See *id.* § 3-6-3(a)(2)(vii).

¶ 19    Aggravated domestic battery carries a lower potential sentence, namely a term of probation or conditional discharge following a mandatory 60 days of incarceration. However, that offense also carries a higher *maximum* sentence in that it requires four years of MSR if a term of imprisonment is imposed, and it is subject to the truth-in-sentencing statute. Thus, ultimately, the question is which takes precedence in determining the seriousness of the offenses: the minimum possible sentence or the maximum possible sentence? Common sense dictates that the maximum possible sentence controls because it subjects a defendant to a longer period in custody.

¶ 20    Our conclusion that aggravated domestic battery under section 12-3.3(a) of the Code (720 ILCS 5/12-3.3(a) (West 2014)) is a more serious offense than aggravated battery under section 12-3.05(a)(4) of the Code (*id.* § 12-3.05(a)(4)) is supported by our comments in *People v. Arnhold*, 359 Ill. App. 3d 857 (2005), about the relative seriousness of domestic battery. In *Arnhold*, the defendant was convicted of aggravated battery based on the victim being 60 years of age or older (720 ILCS 5/12-4(b)(10) (West 2000)), a Class 3 felony, and domestic battery (*id.* § 12-3.2(a)), a Class A misdemeanor, which, as charged, contained no age element. *Arnhold*, 359 Ill. App. 3d at 858, 860. Both convictions were based on an incident involving the defendant's 60-year-old wife. *Id.* at 858. The trial court entered a conviction on only the aggravated battery count. On appeal, the defendant argued that his conviction should be reduced to domestic battery because the legislature intended that violence against spouses be prosecuted only under the domestic violence laws. *Id.* We observed that, "[u]nder the defendant's theory, the domestic battery statute would serve as a shield for the offender,

insulating him from prosecution for the more serious offense of aggravated battery." *Id.* at 862. We would not permit the defendant the windfall he sought:

> "[T]he legislature decided to treat batteries against family and household members more seriously than those against others. The legislature has also chosen to treat batteries involving great bodily harm, or permanent disfigurement or disability, more seriously when the victim is a family or household member. It is difficult to understand why the General Assembly would choose to give family and household members age 60 or older *less* protection from bodily harm than it has given to members of the general population in the same age group. Why, in other words, would the General Assembly choose to enact domestic battery laws that serve as a sword for prosecutors when the victim is under 60 but as a shield for the defendant when the victim is 60 years old or older?" (Emphasis in original.) *Id.*

¶ 21 These remarks confirm our assessment that the legislature regards aggravated domestic battery under section 12-3.3(a) of the Code (720 ILCS 5/12-3.3(a) (West 2014)) as a more serious offense than aggravated battery under section 12-3.05(a)(4) of the Code (*id.* § 12-3.05(a)(4)). Thus, the trial court correctly vacated the aggravated battery charge.

¶ 22                                          III. CONCLUSION

¶ 23 For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 24 Affirmed.