# W. R. KELLY
### *v.*
# W. S. ADAMS.

*Opinion filed December 18, 1899.*

1. ELECTIONS—*ballot not officially endorsed by judge of election cannot be counted.* Under section 26 of the Election law of 1891 (Laws of 1891, p. 117,) a ballot not bearing the official endorsement of any judge of election cannot be counted.

2. SAME—*voter must follow the law in marking his ballot.* It is the duty of every voter in marking his ballot to ascertain and follow the provisions of the statute.

3. SAME—*when ballot must be rejected.* A ballot so prepared by a voter as to contain distinguishing marks which, if permitted to be passed, would enable it to be identified cannot be counted.

APPEAL from the County Court of Effingham county; the Hon. DAVID L. WRIGHT, Judge, presiding.

WOOD BROS., for appellant.

R. C. HARRAH, WILLIAM B. WRIGHT, and CHARLES KELLEY, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

At an election held April 4, 1899, appellant and appellee were rival candidates for supervisor in the town in which they lived. Each was nominated by his political party. The election was opened, closed and proclamation made according to law. Each candidate was declared

to have received ninety-five votes. Under the direction of the town clerk lots were cast and appellant was declared selected. One hundred and ninety-three votes were cast at the election. Two electors appeared to have made no attempt to vote for supervisor. One ballot by the unanimous vote of the judges was rejected. It was not endorsed on the back by the initials of either judge of the election. A copy of it is as follows:

### SUMMIT TOWNSHIP.

A petition for contest of election was filed in the county court of Effingham county, where it was held this ballot should be counted for the appellee, from which this appeal is prosecuted.

A statement made by appellee obviates anything further as to the facts: "Under the pleadings in this case, and according to the evidence submitted to the trial court, no question was raised concerning the election and the conduct of the judges of said election, except the rejection of the disputed ballot by the judges of said

election from the count. The only question submitted to
the trial court was, did the judges of said election erro-
neously reject said ballot from the count, and should it
have been counted for appellee?"

By section 26 of the Australian Ballot law of 1891 it
is provided: "If the voter marks more names than there
are persons to be elected to an office, or if for any reason
it is impossible to determine the voter's choice for any
office to be filled, his ballot shall not be counted for such
office. No ballot without the official endorsement shall
be allowed to be deposited in the ballot-box, and none
but ballots provided in accordance with the provisions
of this act shall be counted." The evidence shows that
this ballot had no endorsement to show that it was an
official ballot provided in accordance with the law. To
ignore this provision of the statute and allow ballots to
be counted which do not contain the official endorsement
would authorize the voting of ballots that might have
been surreptitiously obtained or copied, and one of the
purposes of the Ballot law be entirely frittered away and
the door opened for fraud. The absence of the official
endorsement would have been sufficient cause for the re-
jection of this ballot. It was said in *Parker* v. *Orr*, 158
Ill. 609: "Observing this mandatory language, if a voter's
intention can be gathered from his ballot, without laying
down a rule which may lead to a destruction of its se-
crecy, that intention should be given effect."

It is the duty of every voter, under the Ballot law, to
ascertain and follow the provisions of the statute. He
has no right, through negligence or willfulness, to disre-
gard that duty, which is a duty enjoined by the legisla-
ture for the purpose of subserving the interests of a pure
ballot by maintaining its secrecy and preventing the cast-
ing of ballots without reference to and in disregard of the
statute. (*Parker* v. *Orr*, *supra*.) In *Apple* v. *Barcroft*, 158
Ill. 649, it was held: "The statute must be substantially
complied with. To permit the voter to substitute some

other method of his own of marking his ballot to express his choice, for the one provided, would practically nullify the statute.    It would not only lead to uncertainty in ascertaining the voter's intention, but would destroy the secrecy of the ballot by means of distinguishing marks by which the ballot of each voter could be identified." And in that case it was held that a ballot showing mere pencil erasures of the name of one of the candidates and all other names on the same ticket bore such a distinguishing mark that it should properly be rejected.    The ballot in this case rejected by the judges of election contained distinguishing marks which, if permitted to be passed, would be a means of designation of the ballot and a description thereof which would effectually destroy its secrecy and avoid the purpose of the Ballot law.    For this additional reason this ballot was properly rejected.

The county court erred in holding that the ballot should be counted for the appellee, hence its judgment must be reversed and the cause remanded.

*Reversed and remanded.*