## CARLIN C. BERRYMAN

*v.*

## P. D. MEGGINSON.

*Opinion filed October 23, 1907.*

1. ELECTIONS—*initials of judge of election must be written, and not stamped, on ballot.* Ballots upon which the initials of a judge of the election are endorsed by means of a rubber stamp, which is not a *fac simile* of such judge's handwriting, cannot be counted. (*Choisser* v. *York,* 211 Ill. 56, adhered to.)

2. SAME—*a voter must exercise some care to see that ballot is properly endorsed.* A voter is presumed to know that the law requires a ballot to be endorsed with the initials of a judge of the election, and he is bound to exercise some care to see that it is properly endorsed.

APPEAL from the County Court of Morgan county; the Hon. FRANCIS E. BALDWIN, Judge, presiding.

WILLIAM N. HAIRGROVE, for appellant.

WORTHINGTON & REEVE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a proceeding instituted in the county court of Morgan county by the appellant to contest the election of the appellee to the office of county commissioner of Morgan county. Appellant and appellee were both candidates for the office of county commissioner of said county at the regular election held November 6, 1906. Upon a canvass of the returns of said election it appeared that appellant had received 3784 votes and appellee 3789 votes for said office. From the returns, therefore, appellee was elected, whereupon appellant filed his petition in the county court to contest said election. At the hearing the ballots cast at said election for appellant and appellee were re-counted, except the ballots cast in Prentice and Markham precincts. Those

ballots were rejected by the county court for the reason that upon the ballots cast in Prentice precinct the initials of E. D. Sage, one of the judges of election in said precinct, were stamped with a rubber stamp, and that in Markham precinct the full name of Jewsberry, one of the judges of election in said precinct, was stamped on the ballots. These rubber stamps were not *fac similes* of the initials and signature. No other endorsement of an election judge appeared on any of the ballots. Rejecting these ballots gave appellant 3621 votes and appellee 3639 votes. The county court thereupon found appellee was duly elected to the office of county commissioner and dismissed the petition, from which judgment appellant has appealed to this court.

Appellant's counsel says the ruling of the county court in rejecting and refusing to count the votes cast in Prentice and Markham precincts is the only question he desires to present to this court for its consideration. Counsel recognizes that this precise question was passed upon by this court in *Choisser* v. *York,* 211 Ill. 56, but insists that the ruling in that case was wrong, and if adhered to will have the effect of placing it in the power of election judges to disfranchise voters without any fault or wrong on the part of the voter. We held in *Kelly* v. *Adams,* 183 Ill. 193, and *Caldwell* v. *McElvain,* 184 id. 552, that ballots not having the initials of the judges endorsed thereon were not entitled to be counted, and the correctness of the rulings in those cases is not questioned. The voter is presumed to know the law, and the statute requires that the initials of one of the judges of election shall be endorsed on the ballots "in such manner that they may be seen when the ballot is properly folded." If a judge of election should fail to endorse his initials on a ballot for any reason and a voter should accept and vote such ballot he would not be entitled to have it counted. The voter should exercise some care to see that his ballot is properly endorsed. To hold that a ballot endorsed with a stamp, as were those thrown out by the county court in this case,

should not be counted, no more subjects the voter to lose his vote by the acts or conduct of the election officers than does the holding that a ballot containing no endorsement whatever should not be counted. We are disposed to adhere to our former decisions and do not deem a further discussion of the question necessary.

The judgment of the county court is affirmed.

*Judgment affirmed.*