(No. 20633.—

ALBERT C. ALEXANDER, Appellee, *vs.* HENRY SHAW, Appellant.

*Opinion filed April 23, 1931—Rehearing denied June 18, 1931.*

CRAIG & CRAIG, VAUSE & KIGER, and T. N. COFER, for appellant.

A. C. & BEN F. ANDERSON, (JOHN T. KINCAID, C. M. HEINLEIN, and HERBERT S. ANDERSON, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee filed in the circuit court of Coles county a petition to contest the election of appellant to the office of county treasurer of that county at the general election held on November 4, 1930. After return of the ballots to the office of the county clerk a canvass of the vote was made by the canvassing board, which certified that appellant had received 6308 votes and appellee 6254 votes, and the canvassing board declared appellant elected and issued to him the certificate of election. The petition to contest the election alleges that in certain named precincts ballots were counted for the contestee that should have been counted for the contestant, and that ballots were not counted for the contestant which should have been so counted; that ballots bearing a distinguishing mark and those which did not have endorsed thereon the initials of a judge of election were counted for the contestee, and, in short, contains the usual averments of such a petition. An answer was filed and a hearing had before the court. All the ballots cast at the election were re-counted. The court found on that hearing that appellee had received 6351 votes and appellant had received 6347 votes and entered judgment that appellee was duly elected to the office of county treasurer. From that judgment appellant has perfected this appeal.

No cross-errors have been assigned by appellee. But fifteen of the original ballots have been certified to this court. No objection is raised in this court to the rulings of the trial court concerning the correctness of the re-count of the ballots other than as to the fifteen ballots referred to.

The primary question in the case arises on the error assigned on the action of the court in counting the ballots from the eighth precinct of the town of Charleston. At the commencement of the hearing the parties entered into a stipulation which recited that in order to expedite the trial, evidence should first be offered as to the preservation of the ballots after their return by the judges and clerks of election, and that in case the trial court should rule that the ballots were properly preserved when and after they were delivered to the county clerk and that they were admissible in evidence the ballots should be re-counted. The usual reservations of the rights to object were included. Before the ballots were opened appellant objected to a re-count of them on the ground that they had not been properly preserved, and so were entitled to no weight as against the returns of the election officers. This objection went primarily to the ballots of precinct 2 of East Oakland township, precinct 2 of Hutton township and precinct 8 in the town of Charleston. The basis of that objection was that the sacks containing the ballots were not sealed and had no appearance of ever having been sealed; that the ballots contained therein were bound together by a string run through them but that the ends and edges of the ballots were not bound and any ballot was therefore easily accessible. As to the ballots in precinct 2 of Hutton township there was raised the additional objection that it appeared that the drawstring of the sack which contained the ballots was untied and the sack left open. As to precinct 8 of the town of Charleston it was also objected that the ballots when brought into court were found to be in a sack which was tied but not

sealed with wax or in any other manner, and that the ballots had a string through the ends of them but were otherwise free and not bound together and that there was no trace of any seal on the sack.

The parties entered into a stipulation as to the condition of the ballots when brought into court, the substance of which is as follows: In precinct 8 of Charleston township and precinct 2 of Oakland township the ballots when brought into court were found to be in canvas containers which were tied but not sealed with wax or in any other manner, and that the ballots had a string through the center of them but that the ends of the ballots were free and not bound together, and that there was no trace of a seal ever having been put on the bags containing the ballots. The appellee, to show the preservation of the ballots in precinct 8 of the town of Charleston, offered the testimony of William O. Todd, one of the judges of election in that precinct. He testified that he returned the ballots to the deputy county clerk in the same condition as when they left the judges of election, as far as he knew, and that he did not change any of them. He stated on cross-examination that after the ballots were put into the sack the sack was sealed with red sealing wax and put into a grain sack with the remaining supplies. The court counted those ballots, but the record does not show a ruling on the objections offered.

As to the second precinct of East Oakland township the re-count showed that appellee lost one vote and appellant gained one. As to precinct 2 of Hutton township the re-count showed no change from the certificate of the canvassing board. These two precincts may therefore, for the present, be eliminated from consideration.

The principal controversy arises over counting the ballots of precinct 8 of the town of Charleston. The return of the judges of election in that township showed that appellee had received 141 votes and appellant 81. In the re-count of the ballots of that precinct the court found that

appellee had received 166 votes and appellant 79, making a gain of 25 votes for appellee and a loss of two votes for appellant. Since no objections are here made to the findings and rulings of the court in the re-count of the ballots other than those arising on the question of their proper preservation and the 15 objected-to ballots certified to this court, and since no cross-errors are assigned, the issue in the case resolves itself, in the first instance, into a question of the correctness of the court's action in re-counting the ballots of the eighth precinct of the town of Charleston and permitting such re-count to overturn the returns. If no error exists in that action an examination of his rulings as to the 15 ballots objected to is required. If the ballots of that precinct should not be allowed to overturn the returns a consideration of the said 15 ballots is unnecessary, for it must be conceded, on this record, that if the ballots of said precinct 8 were improperly re-counted, then, conceding all other questions in the record to appellee, the judgment must be reversed.

The return of the judges of election is *prima facie* evidence of the result of such election, but the ballots are the original evidence of the vote cast and the better evidence of the result if they have been preserved in such a manner as to maintain their integrity as evidence. They are, under the statute, admissible in evidence, and their probative force depends upon the care with which they have been preserved. (*Haley* v. *Reidelberger,* 340 Ill. 154; *West* v. *Sloan,* 238 id. 330.) To entitle the ballots to overcome the returns it is incumbent upon the contestant to show that they have been so kept that there was no reasonable opportunity to tamper with them, otherwise their effect as evidence is destroyed. *Strubinger* v. *Ownby,* 290 Ill. 380; *Rottner* v. *Buchner,* 260 id. 475; *Graham* v. *Peters,* 248 id. 50; *West* v. *Sloan, supra; Haley* v. *Reidelberger, supra.*

As to precinct 8 of the town of Charleston, the evidence shows that the poll-books, ballots and supplies were returned

by the election judges on the night of the election; that they were enclosed in a grain sack, which was not sealed; that inside this grain sack was a white muslin sack containing the ballots, and that these sacks were placed on the floor of a vault in the county clerk's office, where they remained until the trial of this case except as hereinafter stated. This vault has a door opening into the county clerk's office. On this door is a combination lock. The county clerk and deputy county clerk were the only persons who knew the combination. When the canvass of the vote was started on November 5 this grain sack, with its contents, was brought out of the vault and the poll-books and tally-sheets taken out for the purpose of the canvass. The canvass was made, and this grain sack, containing the muslin bag of ballots, was returned to the vault, and, so far as the evidence shows, there remained on the floor of the vault until this election contest was filed. There is evidence that another contest was heard and that all ballots that were there re-counted were returned to their respective sacks, the sacks sealed in open court and returned to this vault. There is no evidence that the ballots of said precinct 8, or what ballots, were re-counted in that contest. This vault has two floors, one on the level of the clerk's office and the other on the level of the basement floor of the court house. These two floors are connected by a stairway inside the vault, and access may be had to the basement vault by entrance through the door of the vault on the floor of the county clerk's office and descent of the stairs. There is a door to this vault opening into the basement of the court house. It was locked by a combination lock but had not been used for years and no one knew the combination. The floor dimensions of the vault are about twelve feet by sixteen feet. In the upper vault are kept the current books and records of the county clerk, the files of the county and probate courts, tax books and records. Old and unused records were kept in the basement of the vault. The

evidence shows that during the hours when the office of the county clerk was open the door of the vault stood open; that numerous persons entered the vault each day to examine records and files; that among these persons were attorneys, abstractors, real estate men, newspaper reporters and others, and that many times persons were in the vault when the clerk or his deputy was not with them. The clerk testified that the vault was kept locked at all times when he and his deputy were absent from the office, especially at the noon hour and between the time the office was closed for the day and the opening of it on the following day.

The statute provides that judges and clerks of election shall, on counting the ballots, string those which have been cast upon a flexible wire, uniting and sealing the same into a firm knot, so it cannot be untied without breaking the seal; that such ballots so strung are to be enclosed in secure canvas covering, securely tied and sealed with the official impression wax seals in such manner that the covering cannot be opened without breaking the seals. When returned to the proper clerk he is required to preserve them carefully. In this case the question whether these ballots should be permitted to overcome the returns depends upon the manner of their preservation. If there is no evidence casting discredit upon the returns and there is evidence showing that the ballots were not properly preserved but were so kept that they might be reached by unauthorized persons they are not to be regarded as better evidence than the returns. *Caldwell* v. *McElvain*, 184 Ill. 552; *Bonney* v. *Finch*, 180 id. 133; *Eggers* v. *Fox*, 177 id. 185; *Beall* v. *Albert*, 159 id. 127; *Murphy* v. *Battle*, 155 id. 182.

No precise method of preservation of the ballots in the hands of the county clerk is prescribed by the statute. There is a substantial compliance with the statute if they are kept intact and protected from any opportunity to unauthorized persons to tamper with them. The ballots are the evidence of the contestant, and the burden is upon him to show that

they have been kept and preserved as required by the statute. In this case there is no evidence tending to show fraud or improper conduct or any other occurrence which would impeach the returns. It also seems clear that as to precinct 8 of the town of Charleston the ballots were not so preserved as to accord them probity as evidence. The bag in which they were contained when brought into court was not sealed with wax or in any other manner, though the witness Todd testified that this bag was sealed by him with the assistance of one of the clerks after the count had been made and before its delivery to the clerk's office. After such delivery the bag containing the ballots was allowed to remain on the floor of the vault frequented by persons other than the county clerk or his deputy. Opportunity was thereby afforded to unauthorized persons to tamper with the ballots. The ballots were therefore without probative force as evidence. The returns showed that in this precinct appellee had received 141 votes and appellant had received 81, or a total of 222. Received as evidence, these ballots disclosed, on re-count by the court, 166 votes for appellee and 79 for appellant, or a total of 245 votes. By considering those ballots as evidence appellee gained 25 in the total votes accorded to him and appellant suffered a loss of two votes. It will be remembered that the court found that appellee had a plurality of four votes. Deducting the gain of 25 votes from the total of 6351, as found by the court, appellee received 6326 votes. Adding to the votes of appellant of 6347, as found by the court, the two votes shown to have been lost by appellant on the re-count of those ballots as evidence, his total is 6347. As we have indicated, 15 objected-to ballots have been certified to this court for examination. Of these ballots the court counted eight for appellee and six for appellant. One ballot was not counted for either. Since the entire 15 ballots, though all be counted for appellee, are not sufficient to show his election, it is not necessary to consider whether the court erred in his ruling as to them.

An examination of the record shows that if the court was in error in holding that the ballots of said eighth precinct overturned the official returns, as we hold that it was, the appellee is not shown to have been elected even though he be given the benefit of all other questions arising in this court on controverted ballots. For these reasons the court erred in declaring appellee to be elected county treasurer of Coles county.

The judgment is reversed and the cause remanded, with directions to enter a judgment finding appellant to be the duly elected county treasurer.

*Reversed and remanded, with directions.*