EVERETT RALSTON, Appellant, *vs.* H. O. SCOTT, Appellee.

*Opinion filed December 22, 1933.*

SNAVELY & MILLER, for appellant.

S. M. SCHOLFIELD, C. M. PURDUNN, and GRENDEL F. BENNETT, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is a direct appeal from the county court of Clark county in an election contest brought by the appellant, Everett Ralston, against the appellee, H. O. Scott, for the purpose of determining the outcome of an election for supervisor in Melrose township, Clark county, at the election held April 4, 1933. Upon counting the votes for this election, and on the further canvass thereof, it was determined that these parties had each received 216 votes. Thereupon the matter was determined by lot, as provided by law, and the appellee was declared elected supervisor. This election contest followed.

Five errors are assigned upon the record, the first being that the trial court erred in excluding the ballots of the election from the evidence; and the second, that the trial court erred in dismissing the petition of the appellant. In the view which we take of the case it will be unnecessary to discuss any of the other errors assigned.

The trial court refused to accept in evidence any of the ballots voted at the election, apparently for the reason that the court was not satisfied that they had been preserved in accordance with the requirements of the statute, so as to exclude any reasonable opportunity of their having been tampered with. Upon this point the trial court evidently relied upon our opinion in the case of *Alexander* v. *Shaw,* 344 Ill. 389, and that is the principal case presented to us on behalf of the appellee in his brief. A reading of the record in the case now before us discloses that it is entirely different in its facts from the case above cited. In that case we held as follows: "The return of the judges of election is *prima facie* evidence of the result of such election, but the ballots are the original evidence of the vote cast and the better evidence of the result if they have been preserved in such a manner as to maintain their integrity as evidence. They are, under the statute, admissible in evidence, and their probative force depends upon the care with which they have been preserved. (*Haley* v. *Reidelberger,* 340 Ill. 154; *West* v. *Sloan,* 238 id. 330.) To entitle the ballots to overcome the returns it is incumbent upon the contestant to show that they have been so kept that there was no reasonable opportunity to tamper with them, otherwise their effect as evidence is destroyed. *Strubinger* v. *Ownby,* 290 Ill. 380; *Rottner* v. *Buchner,* 260 id. 475; *Graham* v. *Peters,* 248 id. 50; *West* v. *Sloan, supra; Haley* v. *Reidelberger, supra.*"

In the case just quoted from, it was held that the ballots in one precinct had not been so preserved as to accord them probity in evidence. Quoting further from the

opinion we read: "The bag in which they were contained when brought into court was not sealed with wax or in any other manner, though the witness Todd testified that this bag was sealed by him, with the assistance of one of the clerks, after the count had been made and before its delivery to the clerk's office. After such delivery the bag containing the ballots was allowed to remain on the floor of the vault frequented by persons other than the county clerk or his deputy. Opportunity was thereby afforded to unauthorized persons to tamper with the ballots. The ballots were therefore without probative force as evidence."

In the case which we are now considering, the record shows satisfactorily that the judges of election strung the ballots on wire and placed them in a canvas bag provided for that purpose. This bag was sealed with sealing wax in several places and also with paraffin. It was then delivered by two of the judges to the town clerk, who placed it under his bed in his own home, which home was a farm home in a sparsely populated community. This was apparently late at night after the election and too late to get into any bank or vault. The next morning the clerk took the ballots and all of the other supplies and put them in a closet in his home, and he swears that these ballots were later in exactly the same condition as when they were received by him from the judges of election, that the seals were in exactly the same condition, and that nothing has been changed while they were in his possession. In this condition he took them, along with other supplies, and delivered them to the newly-elected town clerk. This new town clerk testified that he placed the ballots in an iron box which he kept in his home, and that the box was locked and he alone had the key; that no one else knew the whereabouts of the key, and that no other person could have had any access to the box while it was in his possession. When he produced the ballots at the trial he testified they were in exactly the same condition as when he

had received them, and there is no testimony in the record denying any of these facts. There is no testimony that would show or tend to show any fraud or illegal handling of the ballots after the election.

It will be seen from this brief statement that the facts are entirely different than those in the case of *Alexander* v. *Shaw, supra,* and that the ballots should have been received in evidence, to be accorded such probative force as might inure to them from the care with which they were preserved. *Haley* v. *Reidelberger, supra.*

It is indisputably apparent from the record that the judges of this election were Joe Jeffers, Herman Bartlett and O. H. Thompson. It further appears that each and every one of the ballots voted thereat bore the initials "H. O. S," these not being the initials of any judge of the election. Section 22 of the Ballot act provides: "One of the judges shall give the voter one, and only one ballot, on the back of which such judge shall endorse his initials in such manner that they may be seen when the ballot is properly folded." (Cahill's Stat. 1933, p. 1287.) We have repeatedly held that a ballot which bears no official endorsement of the initials of a judge of an election can not be counted. (*Kelly* v. *Adams,* 183 Ill. 193; *Caldwell* v. *McElvain,* 184 id. 552; *Neal* v. *Odle,* 308 id. 469; *Humphrey* v. *Perry,* 310 id. 373; *Blattner* v. *Dietz,* 311 id. 445; *Allen* v. *Fuller,* 332 id. 304.) In the case of *Laird* v. *Williams,* 281 Ill. 233, we held that a ballot endorsed by one judge with the initials of another could not be counted, but in the case of *Blattner* v. *Dietz, supra,* we limited the holding in the *Laird case* to conform to the general rule herein stated. It follows from these authorities that there was no legal ballot cast for appellee in the election here in question.

Section 122 of the Election law (Cahill's Stat. 1933, par. 135, p. 1267,) provides as follows: "When the person whose election is contested is found to have received the

highest number of legal votes, but the election is declared null by reason of legal disqualification on his part, or for other causes, the person receiving the next highest number of votes shall not be declared elected, but the election shall be declared void."

The judgment of the county court is reversed.

*Judgment reversed.*