MARK H. STEIN, Petitioner-Appellant, v. COOK COUNTY OFFICERS ELECTORAL BOARD *et al.*, Respondents-Appellees.

First District (6th Division)  No. 1—94—0556

Opinion filed June 10, 1994.

Odelson & Sterk, Ltd., of Evergreen Park (Mathias W. Delort and Burton S. Odelson, of counsel), for appellant.

Paul Stralka, of Chicago, for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

On December 6, 1993, Edward R. Jordan filed nomination papers with the State Board of Elections to become a candidate for the nomination of the Republican Party for the office of "Judge of the Circuit Court, Additional Judgeship 'A,' Twelfth Judicial Subcircuit, Cook County Judicial Circuit," to be elected at the March 15, 1994, primary election.

On December 20, 1993, Mark H. Stein and Wilma Baker filed objectors' petitions to Jordan's nomination papers. Baker subsequently withdrew her petition, and Stein filed a motion to amend his petition to include the objection to signatures found in Baker's petition.

The Cook County Officers Electoral Board (Board) denied Stein's motion, finding that Jordan had more than the minimum number of signatures required. On judicial review, the decision of the Board was affirmed, and Stein brings this appeal. The sole issue on appeal is whether the electoral board abused its discretion by refusing to permit objector Stein to amend his petition after the statutory deadline had passed. We affirm.

After Jordan filed nomination papers with the State Board of Elections, Stein and Baker filed separate objectors' petitions. Both petitions were filed on December 20, 1993, which was the final day on which objections could be submitted. Stein's petition was assigned case number 93 COEB J 24, and Baker's petition was assigned case number 93 COEB J 33. At a December 28, 1993, status call proceeding, Stein filed a motion to consolidate Baker's objections with his objections. The Board ruled that the binder checks would be computed simultaneously, but that the results of the binder checks were to be separately tallied. After the binder check was completed but before the Board ruled on the findings, both Stein and Baker subsequently filed motions for further hearings on some of the

signatures. However, on January 14, 1993, Baker filed a motion to withdraw her objections. Stein then filed motions to strike Baker's withdrawal of her objections and to amend his objector's petition to include the Baker objections. On January 28, 1993, the Board granted Baker's withdrawal of objections without ruling on them.

Stein contends that the Board abused its discretion by refusing to permit him to amend his objector's petition to incorporate objections to certain signatures already found to be invalid in the simultaneous binder check. Section 10—8 of the Election Code states in relevant part:

"Certificates of nomination and nomination papers *** being filed as required by this Code, and being in apparent conformity with the provisions of this Act, shall be deemed to be valid unless objection thereto is duly made in writing within 5 business days after the last day for the filing the certificate of nomination or nomination papers ***." (10 ILCS 5/10—8 (West 1992).)

The Stein and Baker objectors' petitions were filed on the final day for filing objections. Accordingly, when Baker's motion to withdraw her objections was approved by the Board on January 28, 1993, the time for filing further objections had expired. Therefore, Stein's motion to amend his petition was untimely. We further note that Stein had ample opportunity to include in his initial petition the objections he later tried to incorporate in an amended one, where Jordan filed his nomination papers on December 6, 1993, and Stein had until December 20, 1993, to file objections.

Stein argues that he should be able to raise the objections included in Baker's petition because both cases were consolidated at the Board's status call. However, what the Board stated at the proceeding on December 28, 1993, and reiterated at the hearing on January 28, 1993, was that it only ordered a simultaneous binder check with a separate tallying of results. Stein relies on *Canter v. Cook County Officers Electoral Board* (1988), 170 Ill. App. 3d 364, 523 N.E.2d 1299, *Huskey v. Municipal Officers Electoral Board* (1987), 156 Ill. App. 3d 201, 509 N.E.2d 555, and *Fortas v. Dixon* (1984), 122 Ill. App. 3d 697, 462 N.E.2d 615, in support of his position that the Board erred in denying his motion to amend his petition to include some of Baker's objections. In these cases the court allowed the Board to go beyond specific objections listed where there was a pattern of fraud, false swearing, and a disregard for the election law. In *Fortas*, the court stated:

"[W]hen in the course of hearing objections to nominating papers, evidence beyond specific objections comes to the electoral board's attention, it cannot close its eyes and ears if evidence is relevant to the protection of the electoral process." (122 Ill. App. 3d at 701.)

However, in the case *sub judice*, the Board considered the evidence and stated that it did not find pattern of fraud. Therefore, these cases are distinguishable. We also note that while the court in these cases held that the Board was required to go beyond the specific objections in the case of fraud, it did not address the obligation of the Board where there was no finding of fraud.

Stein also argues, as he did before the Board, that the signatures that he sought to incorporate into his petition were already found invalid at the binder check. However, the Election Code requires that the Board hear and pass upon objections. (See 10 ILCS 5/10—9 (West 1992).) Rule 8, one of the rules adopted by the Board which adheres to the requirements of section 10—9 of the Election Code, states that the Board will rule on the findings of the binder check examination. At the hearing on January 28, 1993, one of the Board members reiterated the requirements of the statute and rule as follows:

"In essence of it being—as to there being any findings, there are no findings until the Board makes them. Everything that goes in the binder check is tentative. It's a species of discovery. *** They are not findings until the Board makes them. And I think it is clear that the Board made no findings in 33 (93 COEB J 33, the case number of Baker's withdrawn petition)."

For the aforementioned reasons, we conclude that the Board did not abuse its discretion in refusing to permit Stein to amend his petition.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

EGAN, P.J., and GIANNIS, J., concur.