Docket No. 88383–Agenda 22–May 2000.

LEONARD DeFABIO, Appellee, v. JULIE GUMMERSHEIMER, Appellant.

Opinion filed July 6, 2000.

JUSTICE RATHJE delivered the opinion of the court:

The sole issue presented is whether the circuit court of Monroe County properly invalidated every ballot cast in a particular precinct, where none of those ballots contain the requisite initials from an election judge.

BACKGROUND

On November 5, 1996, the voters of Monroe County cast ballots to decide whether Julie Gummersheimer or Leonard DeFabio would serve as the county’s next coroner. Two days later, the Monroe County canvassing board declared Gummersheimer the winner by two votes.

DeFabio then filed a petition for election contest, alleging in pertinent part that the official election results were invalid because, in violation of sections 17–9, 19–8, and 20–9 of the Election Code (10 ILCS 5/17–9, 19–8, 20–9 (West 1998)), none of the 524 ballots cast in Monroe County’s second precinct were initialed by an election judge. In the second precinct, Gummersheimer received 290 votes and DeFabio received 212 votes. DeFabio asked the trial court to examine the ballots cast in the second precinct, to invalidate any ballots that were not initialed, to recount the valid ballots, and to declare DeFabio the winner of the November 6 election. Gummersheimer moved to dismiss the petition as both facially deficient and time-barred, and the trial court denied that motion.

After the parties stipulated to both the total number of ballots cast for each candidate and the number of uninitialed ballots in each precinct, DeFabio moved for summary judgment. DeFabio noted that the parties had stipulated that, of the 524 uninitialed ballots cast in the second precinct, 290 were cast for Gummersheimer and 212 were cast for DeFabio. In addition, of the 59 uninitialed ballots cast in other precincts, 38 were cast for Gummersheimer and 21 were cast for DeFabio. DeFabio argued that, in light of the stipulation, no genuine issue of material fact existed because, pursuant to both the Election Code and case law, the uninitialed ballots were legally invalid and could not be counted.

In her response to DeFabio’s summary judgment motion, Gummersheimer argued that a genuine issue of material fact existed as to the legal effect of the uninitialed ballots cast in the second precinct. In support, Gummersheimer attached affidavits from (1) the second precinct election judges, who would testify that the absence of initials was due to mistake rather than to fraud or corruption; and (2) two second precinct voters who failed to notice that the election judge had not initialed the ballots.

The trial court granted DeFabio’s summary judgment motion. In so doing, the trial court explained that, according to both the Election Code and the Illinois Supreme Court, the initialing requirement is mandatory for in-precinct ballots,
(footnote: 1) uninitialed ballots are invalid and cannot be counted, and the absence or existence of fraud is irrelevant to determining whether uninitialed in-precinct ballots are valid. The trial court therefore invalidated all of the uninitialed ballots, including every ballot cast in the second precinct, and declared DeFabio the winner by 92 votes. After allowing Gummersheimer’s petition to recount the ballots from 10 additional precincts, the trial court modified its order and declared DeFabio the winner by 70 votes.

The appellate court affirmed the trial court’s judgment. 307 Ill. App. 3d 381, and this court granted Gummersheimer’s petition for leave to appeal (177 Ill. 2d R. 315(a)).

ANALYSIS

The fundamental issue in this case is whether the trial court properly invalidated all of the ballots cast in Monroe County’s second precinct. We hold that it did.

Section 24A–10.1 of the Election Code provides that,“[i]f any ballot card or ballot card envelope is 
not initialed
, it shall be marked on the back ‘Defective’, initialed as to such label by all judges immediately under the word ‘Defective’ and 
not counted
.” (Emphasis added.) 10 ILCS 5/24A–10.1 (West 1998). For more than 100 years, this court has “adhered to the rule that statutes requiring election judges to initial ballots are mandatory, and that uninitialed ballots may not be counted.” 
McDunn v. Williams
, 156 Ill. 2d 288, 311 (1993); see also 
Morandi v. Heiman
, 23 Ill. 2d 365 (1961); 
Griffin v. Rausa
, 2 Ill. 2d 421 (1954); 
Tuthill v. Rendelman
, 387 Ill. 321 (1944); 
Laird v. Williams
, 281 Ill. 233 (1917); 
Kelly v. Adams
, 183 Ill. 193, 195 (1899). This is true even where the parties agree that there was no knowledge of fraud or corruption. 
McDunn
, 156 Ill. 2d at 320.

To be sure, this court has permitted relaxation of the mandatory initialing requirement under very limited circumstances. Specifically, this court has permitted the counting of only uninitialed absentee ballots that are easily distinguished from in-precinct ballots. See, 
e.g.
, 
Pullen v. Mulligan
, 138 Ill. 2d 21 (1990); 
Craig v. Peterson
, 39 Ill. 2d 191 (1968). However, this court has 
never
 permitted relaxation of the mandatory initialing requirement for in-precinct ballots. In fact, this court has repeatedly rejected such a notion. In 
Kelly
, this court stated:

“To ignore this provision of the statute and allow ballots to be counted which do not contain the official endorsement would authorize the voting of ballots that might have been surreptitiously obtained or copied, and one of the purposes of the Ballot law be entirely frittered away and the door opened for fraud.” 
Kelly
, 183 Ill. at 195.

In 
Craig
, this court stated:

“The statute requires the ballots to be initialled, it commands that no unindorsed ballot shall be counted, this requirement substantially contributes to the integrity of the election process and is a 
valid, mandatory provision which the courts must enforce
.” (Emphasis added.) 
Craig
, 39 Ill. 2d at 198.

Likewise, in addressing uninitialed absentee ballots that could not be separated from the in-precinct ballots, this court stated:

“[T]here must *** in order to prevent fraud, be some method whereby illegally cast ballots may be distinguished and rejected. The initialling provision is the principal method chosen by the legislature for accomplishing this purpose since the judge who has indorsed his initials upon the ballot can thereafter identify that ballot as legally cast. Because of the compelling importance to the public that elections be honestly conducted, and the substantial contribution of the initialling procedure to that result, no constitutional problem arises and courts are free to enforce the statutory command even though absentee voters may be disenfranchised without fault on their part (one who votes at the polls has the opportunity to see whether the judge of election has initialled his ballot and request it to be done if it has not).” 
Craig
, 39 Ill. 2d at 200-01.

In 
Pullen
, this court stated:

“Applying the initialling requirement to 
in-precinct
 ballots is certainly necessary to preserve the integrity of the election, because the initials provide the only means by which the election officials can identify and separate the legally cast from the illegally cast in-precinct ballots. Thus, here, as in 
Craig
, application of the initialling requirement to in-precinct ballots prevented fraudulent practices, such as stuffing the ballot box.” (Emphasis in original.) 
Pullen
, 138 Ill. 2d at 53.

Most recently, in 
McDunn
, this court stated:

“[S]tatutes requiring initialling are not constitutionally suspect. Voters who cast a ballot in-precinct will not lose the right to vote without fault of their own because such voters could tell whether the election judges had initialled their ballots. Any voter at the precinct with an uninitialled ballot could ask the election judge to initial his ballot and thus ensure that his vote would be counted.” 
McDunn
, 156 Ill. 2d at 314.

Significantly, notwithstanding this court’s 100-year history of strictly construing the statutory mandate that prohibits the counting of uninitialed ballots, the legislature has never seen fit, in any manner, to substantively amend that portion of the Election Code. See 
Miller v. Lockett
, 98 Ill. 2d 478, 483 (1983) (“Where the legislature chooses not to amend a statute after a judicial construction, it will be presumed that it has acquiesced in the court’s statement of the legislative intent”).

Applying these well-established principles to the present case, we hold that the trial court properly invalidated all of the ballots cast in Monroe County’s second precinct. None of these ballots contain the requisite initialing, and neither party argues that any of the uninitialed ballots can be distinguished or identified as absentee ballots. As the trial court correctly recognized, both section 24A–10.1 and more than 100 years of this court’s jurisprudence compel the invalidation of those ballots.

Gummersheimer argues strongly against this result, insisting that the foregoing precedents do not control because “[t]his court has never considered the initialing requirement in the context presented here, i.e. where the judges have failed in their duties by failing to initial 
any
 and 
all
 of the ballots
 cast in the precinct, and where there is no evidence of any fraud.” (Emphasis in original.) We disagree. In 
Laird v. Williams
, 281 Ill. 233 (1917),
(footnote: 2) this court examined whether any of the ballots cast in a municipal election were valid, where the election judge who handed out the ballots marked those ballots with the initials of another election judge. After reviewing both the plain language of and the public policy behind the mandatory initialing requirement, this court invalidated every ballot cast in that election:

“As our statute makes it absolutely necessary that every ballot shall bear the official endorsement in the manner aforesaid, we must hold that the election in this case was void, although there is no evidence in the record that discloses any fraud or intended fraud upon the part of the election judges. We think it would be a very dangerous rule to establish that the election judges may disregard the plain provisions of this statute, and thereby defeat the intention of the law to prevent actual frauds from being committed in elections and to disarm the constituted authorities of the efficient means provided by the statute for detecting such frauds. Such salutary laws should not be repealed, in effect, by the action of election judges simply because their mistakes are innocent or because an honest voter may lose his vote by holding such mistakes fatal. It is more preferable that a voter should lose his vote by the innocent action of the judges and by his own neglect to see to it that he votes a ballot properly endorsed by a judge, than to open the doors to wholesale fraud and corruption. Every voter is presumed to know the law, and by proper care on his part he can know, and should know, that the ballot delivered to him is properly endorsed by one of the election judges with his own initials.” 
Laird
, 281 Ill. at 241-42.

Consequently, this court held that “there was not a single legal ballot cast at the election in question, and for that reason no one was elected as supervisor at that election.” 
Laird
, 281 Ill. at 242.

Certainly, if 
Laird
 permits the invalidation of every ballot cast in an entire electoral district, subjecting a single precinct to a similar fate compromises neither the constitution nor the Election Code.

CONCLUSION

For the reasons set forth above, the judgment of the appellate court is affirmed.

Affirmed.

FOOTNOTES
1:     
1
As opposed to absentee ballots.

2:     
2
Although 
Laird
’s construction of the mandatory initialing requirement was briefly overruled (see 
Waters v. Heaton
, 364 Ill. 150, 160 (1936)), it was promptly reaffirmed (see 
Tuthill v. Rendelman
, 387 Ill. 321, 328-30 (1944); see also 
Harvey v. Sullivan
, 406 Ill. 472, 477 (1950); 
Morandi
, 23 Ill. 2d at 370-71).